



**CIVIL CITATION**
**THE STATE OF TEXAS**
**C2020-2152D**
**433rd District Court**

Kara Iskenderian
633 s. St. Mary St., Apt. 4504
San Antonio, Texas 78205

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next after the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. Said ORIGINAL Petition was filed in said Court on the 31st day of December, 2020 in this cause, C2020-2152D on the docket of said court, and styled,

**JOHN S MALEK**
**VS.**
**LAURYN DEERING; KARA ISKENDERIAN; MORGAN HICKS**

ATTORNEY FOR PETITIONER:        CASEY S. ERICK
                                901 MAIN STREET, SUITE 3900
                                DALLAS, TEXAS 75202

The nature of Plaintiff's demand is fully shown by a true and correct copy of ORIGINAL Petition, accompanying this citation, and made a part hereof.

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at New Braunfels, Texas, this 4th day of January, 2021 A.D.

HEATHER N. KELLAR
District Clerk, Comal County, Texas
199 MAIN PLAZA, SUITE 2063
New Braunfels, TX 78130

By _____, Deputy
            Linda Ruiz

Exhibit 1 Page 1 of 25

FILED FOR RECORD
At __3:30PM__o'clock ___M

12/31/2020

HEATHER N. KELLAR
CLERK DISTRICT COURT
COMAL COUNTY, TEXAS
BY____NA____ DEPUTY

CAUSE NO. _____  C2020-2152D

JOHN MALEK
    **Plaintiff,**

VS.

LAURYN DEERING,
KARA ISKENDERIAN, and
MORGAN HICKS
    **Defendants.**

§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

_____ JUDICIAL DISTRICT

COMAL COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY

Plaintiff JOHN MALEK, file this Original Petition and Request for Disclosure, complaining of Defendants LAURYN DEERING, KARA ISKENDERIAN AND MORGAN HICKS, and for cause of action, state the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 3.

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff tendered the proper jury fee with the filing of Plaintiff' Original Petition.

### RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

3. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that monetary relief of over $1,000,000., in amount to be determined by the jury, is being sought.

### REQUEST FOR DISCLOSURE

4. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 1

Exhibit 1 Page 2 of 25

Defendants disclose to Plaintiff, within 50 days of the service of this request, the information and materials described in Rule 194.2(a) through (l), to be produced at the offices of Cowles & Thompson, PC, 901 Main Street, Suite 3900, Dallas, Texas 75202.

## CONCURRENTLY SERVED DISCOVERY AND REQUEST FOR DEPOSITIONS

5.    Interrogatories and requests for production are being served upon Defendants concurrently with the service of this Petition and Request for Disclosure.

6.    Plaintiff also requests dates from Defendants for the depositions of: 1) Defendant Lauryn Deering, 2) Kara Iskenderian, and 3) Morgan Hicks.

## PARTIES

7.    Plaintiff JOHN MALEK files suit individually.

8.    Defendant LAURYN DEERING is an individual residing in Texas. She may be served with process at 2568 Comal Springs, Canyon Lake, Texas 78133 or wherever she may be found.

9.    Defendant KARA ISKENDERIAN is an individual residing in Texas. She may be served with process at 633 S. St. Mary St., Apt. 4504, San Antonio, Texas 78205 or wherever she may be found.

10.    Defendant MORGAN HICKS is an individual residing in Texas. She may be served with process at 6111 Rita Balance, San Antonio, Texas 78253 or wherever she may be found.

## VENUE AND JURISDICTION

11.    Venue is proper in this Court by virtue of section 15.017 et. seq. of the Texas Civil Practice & Remedies Code because this is a suit for damages for libel, slander, or invasion of privacy.

12.    This Court has jurisdiction because Plaintiff's damages are within the jurisdictional limits
of this Court.

## FACTUAL BACKGROUND

13.    Plaintiff claims arise out of the following acts or omissions by Defendants.

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 2

Exhibit 1 Page 3 of 25

14.     Mr. Malek and Ms. Deering met in July or August of 2018, when Mr. Malek was assigned to work in the same legal office as Ms. Deering. Mr. Malek and Ms. Deering had several brief conversations about office work generally, Ms. Deering's passing the bar exam, and general background information. These conversations always took place with Mr. Malek standing across from Ms. Deering's desk, while Mr. Malek remained in or near the doorway. Mr. Malek never invaded Ms. Deering's personal space and never stared at Ms. Deering's breasts, openly or otherwise. After Ms. Deering was assigned to work in a different legal office, Mr. Malek did not speak with her except during brief interactions at widely attended events. Unknown to Mr. Malek, Ms. Deering was dating a paralegal (Mr. Brian Josserand) who worked in an office area adjacent to where Ms. Deering's office was located.

15.     Mr. Malek and Ms. Iskenderian met in the spring of 2019. In approximately May of 2019, Ms. Iskenderian was assigned to work in a section that fell under Mr. Malek's technical supervision. Mr. Malek did not have any formal military authority over Ms. Iskenderian. Mr. Malek, Mr. Stephen Ryder, and Ms. Iskenderian all shared a friendly and joking professional work relationship. Of all the attorneys, Mr. Malek, Mr. Ryder, and Ms. Iskenderian were the three attorneys in the office most likely to work late, or on weekends.

16.     On or about the week of 9 October 2019, several office moves were announced. Ms. Iskenderian was extremely upset with her assignment, and was openly hostile about the assignment, and who she felt she had been subordinated to. Until this happened, Mr. Malek and Ms. Iskenderian had a positive working relationship. Mr. Malek tried to repair the working relationship and help Ms. Iskenderian achieve her professional goals, by engaging with her about professional topics of mutual interest, and introducing her to fellow officers and attorneys who had worked in areas of law that Ms. Iskenderian had stated an interested in.

17.     On or about the week of November 4-8, 2019, Ms. Iskenderian and Ms. Deering

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 3

Exhibit 1 Page 4 of 25

defamed Mr. Malek to each other falsely accusing Mr. Malek of acting inappropriately, of staring at their breasts and buttocks and asking inappropriate questions about personal lives.

18.    On or about November 23, 2019 Ms. Iskenderian and Ms. Hicks defamed Mr. Malek to each other. Ms. Hicks accused Mr. Malek of looking at Ms. Iskenderian inappropriately and they falsely accused Mr. Malek of "tracking [Ms. Iskenderian] down", taking cases just to be with Ms. Iskenderian on the weekend, and engaging in "weird" and "disgusting" behavior.

19.    On or about December 9, 2019, after Mr. Malek discussed Ms. Iskenderian's professional comportment with her, Ms. Iskenderian spoke with Mr. Aaron Allard, and accused Mr. Malek of "behaving very unprofessionally" towards her. She further alleged that Mr. Malek was the cause of her poor work attitude. In retaliation for Mr. Malek's professional though informal counseling, over the next several days Ms. Iskenderian and Ms. Hicks proceeded to spread defamatory statements about Mr. Malek to various people including but not limited to, Ms. Lori Gill, Ms. Ashley Salmones, Ms. Jessica Larson, Ms. Stephanie Porter, Mr. Michael Gibson, Mr. Samuel Ezernack, Mr. Bradley Poronsky, Mr. Michael Thieme, and others. The false and defamatory statements included but were not limited to allegations that:

a)    Mr. Malek stared at Ms. Iskenderian's breasts and buttocks,

b)    asked inappropriately personal questions,

c)    lingered inappropriately,

d)    said he would "go after" Ms. Iskenderian if she were not married,

e)    told Ms. Iskenderian that he thought she was pretty,

f)    Made inappropriate comments about Ms. Iskenderian's personal appearance,

g)    told Ms. Iskenderian that he thought she had gotten married too young,

h)    sought Ms. Iskenderian out on weekends,

i)    inappropriately asked Ms. Iskenderian out for lunch,

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 4

Exhibit 1 Page 5 of 25

j)   showing sexually charged videos on his phone,

k)   that Mr. Malek said Ms. Iskenderian "looked good in her uniform",

l)   that Mr. Malek made her attend social events with the intent of spending time with her romantically,

m)   that Mr. Malek had tried to isolate Ms. Iskenderian from Ms. Hicks by telling them not to go to lunch together,

20.   On or about December 10, 2019, Mr. Malek was brought into his supervisor's office and told that several of these complaints had been made, and that while Ms. Gill, an Air Force colonel, did not believe the allegations, that Mr. Malek had to be on his best behavior and not spend any time one-on-one with Ms. Iskenderian. Mr. Malek was removed from any cases in common with Ms. Iskenderian.

21.   On December 11-12, 2019, Ms. Iskenderian made further allegations about Mr. Malek in order to ensure that he was removed from his position. She accused her leadership of not doing anything about Mr. Malek's behavior and of not believing her.

22.   On December 12, 2019, Mr. Malek was removed from his position as the Chief of Military Justice at Lackland Air Force Base, TX. Mr. Malek was removed from all supervisory duties, and told to begin commuting nearly an hour away to a different office at Air Education and Training Command (AETC), Randolph Air Force Base, TX.

23.   In January and February of 2020, Ms. Iskenderian, Ms. Hicks and Ms. Deering repeated these false allegations to Ms. Sarah Nazarechuck, an Air Force major assigned to investigate the allegations against Mr. Malek. Ms. Deering claimed that Mr. Malek had once stood "closer to [her] than was reasonable" and had stared at Ms. Deering's breasts. Mr. Josserand accused Mr. Malek of standing in Ms. Deering's office for hours. Ms. Nazarechuck spoke with many of Mr. Malek's coworkers about the various allegations and Ms. Iskenderian's statements regarding the false allegations.

24.   In February of 2020, Mr. Malek was summarily sent from the AETC office, to the Randolph Air Force Base office, and remained without a formal title or supervisory

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 5

Exhibit 1 Page 6 of 25

responsibilities. Mr. Malek was informed that he was no longer eligible for professional awards and recognition in the Air Force because of the investigation. Mr. Malek had been the office candidate for several base-wide and JAG Corps-wide awards. Mr. Malek was further informed that his pending assignment to Air Force Special Operations Command at Cannon Air Force Base, NM to be a Deputy Staff Judge Advocate for that base was no longer an option. Mr. Malek was notified of an assignment to the Office of the Military Commissions in Washington, D.C., an assignment that is widely viewed as make-work and a punishment. However, upon discovering the investigation into Mr. Malek, the Office of the Military Commissions complained to the Judge Advocate General of the Air Force and asked that Mr. Malek be assigned elsewhere. Mr. Malek was subsequently assigned to 8th Air Force, at Barksdale Air Force Base, LA. Mr. Malek had not requested that assignment, and the Judge Advocate Generals Office boasts that it gives most officers assignments that are in line with their requests. The assignment Mr. Malek was given was not an assignment the Judge Advocate General Corps had planned to fill until Mr. Malek was reassigned to it.

25.    Around March or April of 2020, Ms. Iskenderian spoke with Mr. Stephen Ryder and related that she thought Mr. Malek was a good guy, who just had a crush on her.

26.    On April 9, 2020, Mr. Malek was offered a Letter of Reprimand (LOR) as punishment for the falsely alleged misbehavior. After Mr. Malek responded to the LOR and its allegations, the LOR was reduced to a Letter of Admonishment, and was not placed in an Unfavorable Information file. On May 13, 2020, Mr. Malek was offered a Referral Officer Performance Report (OPR) documenting the alleged negative aspects of Mr. Malek's performance. Mr. Malek again responded to the false allegations and the Referral OPR was withdrawn, an instead a poorly written OPR replaced it. Mr. Malek was not afforded an opportunity to appeal the poorly written OPR. Mr. Malek's end of tour decoration was withheld based on the false allegations and his military record has been severely damaged as a result.

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 6

Exhibit 1 Page 7 of 25

27.   Before the various defamations, Mr. Malek had repeatedly been told that he was in the top few percent of officers in his career field and that he was an excellent leader, and was going to become a leader in the JAG Corps. After the allegations, Mr. Malek has been told that it will be difficult for him to be promoted and that it will probably be years before he will be allowed to lead Air Force personnel again.

28.   Based on the foregoing acts and omissions by Defendants, Plaintiff brings the following claims.

## CAUSES OF ACTION

### DEFAMATION

29.   Plaintiff incorporates the foregoing paragraphs by reference in their entirety.

30.   Defendants' statements were directed at Plaintiff and involved matters of private concern.

31.   Defendants published said statements in serval ways, including by oral communication, written communication, and conduct asserting as fact the allegations referenced above.

32.   The statements were wholly false and were intended, and were understood, to mean that Plaintiff engaged in misconduct and sexually harassed Defendants, and were otherwise made with the intent to convey, and did convey, to the Plaintiff's employer and the community at large, the impression that Plaintiff engages in various misconduct, including sexual harassment.

33.   Defendants' statements regarding Plaintiff were made falsely and with actual malice, in that Defendants, at the time they made the statements, knew they were false, or made the statements with reckless disregard for their truth.

34.   The defamatory statements were not a protected expression of opinion.

35.   Defendants are strictly liable to Plaintiff for the defamation and/or were negligent in determining whether the statements were true.

36.   Defendants' false statements directly and proximately caused injury to Plaintiff, which resulted in damages, including but not limited to, his reputation, both privately and in his

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 7

Exhibit 1 Page 8 of 25

profession, his military career and future advancement, lost wages, retirement benefits, employee benefits, and other income or benefits Plaintiff would have received but for Defendants' conduct.

37.    Plaintiff seeks damages within the jurisdictional limits of this Court.

38.    Exemplary damages. Plaintiff's damages resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

## DEFAMATION PER SE

39.    Plaintiff incorporates the foregoing paragraphs by reference in their entirety.

40.    For an oral statement to constitute slander per se, it must fall within one of four categories:

    a)    imputation of a crime;

    b)    imputation of a loathsome disease;

    c)    injury to a person's office, business, profession, or calling; and

    d)    imputation of sexual misconduct.

41.    Examples of statements that have been found to be libelous per se include statements: (1) charging a person with commission of a crime, and (2) injurious to a person's business, profession, or calling.

42.    Defendants' statements are defamation per se as they caused injury to Plaintiff's office, business, profession, or occupation. Defendants' written statements are libel per se because they were so obviously hurtful to the person aggrieved that they require no proof of their injurious character to make them actionable.

43.    Plaintiff invokes the presumption under Texas law that Defendants' statements that are defamatory per se because they injured Plaintiff's reputation and entitle him to recover general damages, including damages for loss of reputation and mental anguish.

44.    As a matter of law, Plaintiff is entitled to recover actual damages for injury to his reputation and for mental anguish.

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 8

Exhibit 1 Page 9 of 25

## NEGLIGENT MISREPRESENTATION

45.   Plaintiff incorporates the foregoing paragraphs by reference in their entirety.

46.   To prevail on a cause of action for negligent misrepresentation, a plaintiff must show: (1) a representation made by a defendant in the course of its business or in a transaction in which it has a pecuniary interest; (2) the representation conveyed 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

47.   Defendants' representations were made in the course of employment in which they have a pecuniary interest, the representations about Plaintiff conveyed false information for the guidance of others in their business, Defendants did not exercise reasonable care or competence in obtaining or communicating the information, and Plaintiff suffered pecuniary loss and damages because others justifiably relied on Defendants' representations.

48.   Plaintiff seeks damages within the jurisdictional limits of this Court.

49.   Exemplary damages. Plaintiff's injury and damages resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(3).

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.   Plaintiff incorporates the foregoing paragraphs by reference in their entirety.

51.   In the alternative to other counts, Defendants intentionally caused Plaintiff emotional distress.

52.   The elements of the cause of action of intentional infliction of emotional distress are:

    a)   the defendant acted intentionally or recklessly;

    b)   the defendant's conduct was extreme and outrageous;

    c)   the actions of the defendant caused the plaintiff emotional distress; and

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 9

Exhibit 1 Page 10 of 25

d)    the emotional distress suffered by the plaintiff was severe.

53.    Plaintiff seeks damages within the jurisdictional limits of this Court.

## REQUEST FOR CORRECTION, CLARIFICATION, OR RETRACTION

54.    Plaintiff served Defendants with a request to correct/clarify/retract the false and defamatory statements referenced herein. Defendants did not respond to the request.

## JOINT AND SEVERAL LIABILITY

55.    Plaintiff asserts that Defendants are jointly and severally liable for the claims and damages.

## JURY DEMAND

56.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## CONDITIONS PRECEDENT

57.    All conditions precedent to Plaintiff' right to recover the relief sought herein have occurred or have been performed.

## RELIEF SOUGHT

58.    Plaintiff request that Defendants be cited to appear and answer, and that this case be tried, after which Plaintiff recover:

a)    At the time of the printing, publication, and circulation of the defamatory statements set forth above, Plaintiff was earning a salary and certain benefits by virtue of his position. As a direct and proximate result of the acts of Defendants as complained of in this petition, Plaintiff's future prospects for employment were materially affected and permanently lessened and decreased.

b)    Plaintiff thirty-four (34) years of age and has a life expectancy of ninety (90) years. In addition, Plaintiff had every prospect of advancing in his position for at least an additional fourteen years were it not for the defamatory, untrue, and libelous publications negligently and inexcusably made by Defendants. For this reason, Plaintiff has been further damaged in an amount within the jurisdictional limits of this court.

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 10

Exhibit 1 Page 11 of 25

c)    Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages indicated above;

d)    Pre-judgment and post-judgment interest at the maximum amount allowed by law;

e)    Costs of suit;

f)    Actual damages.

g)    Exemplary damages.

h)    Prejudgment and postjudgment interest.

i)    Court costs.

j)    All other relief to which Plaintiff is entitled.

Respectfully submitted,

COWLES & THOMPSON, PC

By:    Casey S. Erick
       Texas Bar No. 24028564
       Email:  cerick@cowlesthompson.com

901 Main Street
Suite 3900
Dallas, Texas 75202
Tel. (214) 672-2138
Fax. (214) 672-2338

**ATTORNEY FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 11

Exhibit 1 Page 12 of 25

CAUSE NO. _____
C2020-2152D

| | | |
|---|---|---|
| JOHN MALEK,<br>**Plaintiff,** | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| VS. | §<br>§ | **_____ JUDICIAL DISTRICT** |
| LAURYN DEERING,<br>KARA ISKENDERIAN, and<br>MORGAN HICKS<br>**Defendants.** | §<br>§<br>§<br>§<br>§ | **COMAL COUNTY, TEXAS** |

## PLAINTIFF JOHN MALEK'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

**TO: Defendants, LAURYN DEERING, KARA ISKENDERIAN, and MORGAN HICKS**

Plaintiff JOHN MALEK serves the following written interrogatories on Defendants, pursuant to rules 197.1, 197.2 and 197.3 of the Texas Rules of Civil Procedure. With respect to any objections the Defendant may offer in response hereto, it is requested that Defendants' counsel contact the Plaintiff's counsel in an effort to resolve by agreement any disputes which might exist prior to filing a formal Motion for Protection and requesting intervention of the Court.

## DEFINITIONS

A.     As used in these Interrogatories, the words "document" or "documents" are defined to include, but are not limited to, every writing or record of any type that is in your possession, custody, or control. A document is deemed to be within your control if you may obtain possession from any other person or public or private entity having physical possession thereof. "Document" includes, without limitation, those things defined to be documents in rule 192.3, TRCP, correspondence, memoranda, interoffice communications, hand written notes, drafts, studies, publications, invoices, ledgers, journals, books, records, accounts, pamphlets, audio recordings, video recordings, reports, surveys, accident reports, statistical compilations, work papers, data processing cards, computer tapes or printouts, and/or all copies of each which contain any other writing or recording of any kind which does not appear on the original or on any other copy. To the extent that the information exists within a computer or a computer recorded medium, you are requested to reduce the information to paper.

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 12

Exhibit 1 Page 13 of 25

B.      As used in these Interrogatories, the term "identify" when used with reference to a document or documents, means to state for each document such information as:

    1)  Its nature, e.g., letter, memorandum, photographs, etc.:

    2)  Its title or designation;

    3)  The date it bears;

    4)  The name, title, business affiliation, business and residence addresses of the person by whom the document was prepared;

    5)  The name, title, business affiliation, business and residence addresses of persons to whom the document was directed;

    6)  The subject matter of the document;

    7)  A precise description of the place where such document is presently kept, including (i) the title or the description of the file in which such document(s) would be found; and (ii) the exact location of such file; and

    8)  The name, title business affiliation and business address of each person who presently has custody of such document or any copy thereof.

C.      As used in these Interrogatories, the word "person" shall be deemed to mean, in the plural as well as in the singular, any natural person, firm, association, partnership, corporation, or other form of legal entity, as the case may be.

D.      As used in these Interrogatories, the term "identify" each "person" means to state, for each person such information as:

    1)  His or her name;

    2)  His or her current business affiliation, title and professional designation (e.g., M.D., R.N., L.V.N.);

    3)  His or her current business and residence addresses; or if those be unknown, the last known address(es);

    4)  The business affiliation, business address, correct title and professional designation of such person with respect to the business, organization or entity

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 13

Exhibit 1 Page 14 of 25

with which he or she was associated at the time of the occurrence.

E.      As used in these Interrogatories, the term "Plaintiff" or Plaintiff", means the named Plaintiff or Plaintiff in this case, whether bringing this suit individually or in any representative capacity.

F.      As used in these Interrogatories, the term "Defendants" means the each individual Defendant, and, when the context requires, all of the Defendants.

G.      As used in the Interrogatories, the term "occurrence" is used interchangeably with the term "incident" and means the alleged occurrence or incident made the basis of this suit and all relevant dates alleged, including the alleged causes, however remote, of such occurrence or incident. Taken together, all relevant dates may be referred to as "occasion in question".

## INSTRUCTIONS

H.      <u>Response Date</u> -- The answers and/or objections to these interrogatories must be served upon counsel for Plaintiff within FIFTY (50) days after service on Defendant.

I.      <u>Supplementation</u> -- These interrogatories require supplementation if you obtain further information between the time the answers are served and the time of trial.

J.      <u>Complete Responses</u> -- The answers to these interrogatories should be complete and candid. To the extent any information called for by these interrogatories is unknown to you, so state, and set forth whatever information you have regarding that interrogatory. If any estimate can reasonably be made, please set forth your best estimate, clearly designated as such.

K.      <u>Privilege</u> -- To the extent that any interrogatory calls for information that you believe to be privileged in any way, you must state that information or material responsive to the interrogatory has been withheld, which interrogatory or part of an interrogatory to which the information or material withheld relates, and the privilege(s) asserted.

L.      <u>Relevant time period</u> – January 1 2018 through present.

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 14

Exhibit 1 Page 15 of 25

## INTERROGATORIES

INTERROGATORY NO. 1: Please identify yourself and all persons who assisted or provided information in answering these interrogatories by providing full names, dates of birth, drivers' license numbers, addresses, telephone numbers, employers and occupations.

ANSWER:

INTERROGATORY NO. 2: If you contend that any other person or entity may be liable for all or part of Plaintiff' claims, please identify each such person or entity by name, employer, address, phone number, and title, and please describe the facts supporting your contention.

ANSWER:

INTERROGATORY NO. 3: Please provide, with respect to any communications and conversations you had with the Plaintiff or Plaintiff's representatives following the incident made the basis of this suit, the date(s) of the communication(s), the substance of the communication(s), and the names, addresses and telephone numbers of any witnesses to the communication(s).

ANSWER:

INTERROGATORY NO. 4: Pursuant to Rule 609 of the Texas Rules of Evidence, if you intend to impeach Plaintiff or any person with knowledge of relevant facts with evidence of a criminal conviction, please provide the cause number, county and state of conviction, the date of conviction, and the type of crime.

ANSWER:

INTERROGATORY NO. 5: In accordance with Rule 192.3(e) of the Texas Rules of Civil Procedure, for any *consulting* expert whose mental impressions or opinions have been reviewed by a testifying expert, please provide the expert's name, address and telephone number; the subject matter on which the testifying expert who has reviewed the consulting expert's mental impressions or opinions will testify; the facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case (regardless of when and how the factual information was acquired); the expert's mental impressions and opinions formed or made in connection with the case, and any methods used to derive them; and any bias of the witness.

ANSWER:

INTERROGATORY NO. 6: Please identify the insurance policies, including umbrella policies and excess policies, that could provide coverage for the incident(s) made the basis of this suit. Please include issuing insurance companies, policy numbers, monetary limits of coverages, and specify whether or not any such policy is a "cannibalizing" or "self-wasting" policy in which costs of defense may reduce amounts paid to Plaintiff. **This interrogatory is specifically seeking information about your homeowner's insurance policy which may provide coverage for the claims stated in the petition.**

ANSWER:

INTERROGATORY NO. 7: With respect to all investigations regarding the allegations you made about Plaintiff in your employment, state the name(s), address(es), and telephone number(s) of the person(s) conducting the investigation(s), the reason(s) for the investigation(s), the names

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 15

Exhibit 1 Page 16 of 25

addresses and telephone numbers of the persons spoken to in connection with the investigation(s), the conclusions of the investigation(s), and identify all documents prepared as a result of the investigation(s).

ANSWER:

INTERROGATORY NO. 8: Please provide the full name(s), address(es), and telephone number(s) of your trial witnesses. This request is made pursuant to rule 192.3(d) of the Texas Rules of Civil Procedure.

ANSWER:

INTERROGATORY NO. 9: Describe in detail any affiliation or relationship you have or had with Plaintiff, either personally or professionally.

ANSWER:

INTERROGATORY NO. 10: With respect to the statements or allegations you made about Plaintiff, identify every person who you communicated with and discussed anything relating to those statements or allegations.

ANSWER:

INTERROGATORY NO. 11: Identify and describe all messages, communications or postings you have sent or received that contain any reference to the statements or allegations you made about Plaintiff.

ANSWER:

INTERROGATORY NO. 12: Identify and describe in detail any complaints/comments you have ever made about Plaintiff during your employment.

ANSWER:

INTERROGATORY NO. 13: Identify any profiles, screen names, e-mail addresses, or aliases you have ever used and where they are located, including the website, social media provider, or private party.

ANSWER:

INTERROGATORY NO. 14: Identify and describe in detail the exact wording of any comments, statements, complaints, written or verbal, that you made in the course and scope or your employment regarding, concerning, referencing, mentioning, or otherwise pertaining to Plaintiff.

ANSWER:

INTERROGATORY NO. 15: Describe each fact, incident or event on which you base your answer to the preceding interrogatory and what, if any, investigation into those facts you did before making them.

ANSWER:

INTERROGATORY NO. 16: Identify and describe in detail the exact wording of any comments,

Exhibit 1 Page 17 of 25

statements, articles, reviews, or other material that you believe you posted, wrote, edited, revised, or altered on any website, blog, online discussion group, online chat room, or online forum regarding, concerning, referencing, mentioning, or otherwise pertaining to Plaintiff.

ANSWER:

INTERROGATORY NO. 17: Identify any and all Internet service providers, including any cell phone carriers that include data plans, used by you.

ANSWER:

INTERROGATORY NO. 18: Identify and describe in detail any instance which you claim Plaintiff acted inappropriately, harassed you, sexually harassed you, or otherwise engaged in any behavior that you believe was inappropriate or violated your employer's rules of conduct. In answering, identify any written policy or standard that you believe was violated by Plaintiff's actions.

ANSWER:

INTERROGATORY NO. 19: Identify and describe your employment history from January 1, 2015 through present.

ANSWER:

Exhibit 1 Page 18 of 25

C2020-2152D

CAUSE NO._____

| | | |
|---|---|---|
| JOHN MALEK<br>**Plaintiff,** | §<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | _____ **JUDICIAL DISTRICT** |
| LAURYN DEERING,<br>KARA ISKENDERIAN, and<br>MORGAN HICKS<br>**Defendants.** | §<br>§<br>§<br>§<br>§ | COMAL COUNTY, TEXAS |

## <u>PLAINTIFF JOHN MALEK'S FIRST REQUEST<br>FOR PRODUCTION TO DEFENDANTS</u>

**TO:** Defendants, **LAURYN DEERING, KARA ISKENDERIAN, and MORGAN HICKS**

COMES NOW, JOHN MALEK, Plaintiff in the above-entitled and numbered cause of action, and serves on Defendants his First Request for Production. Pursuant to Rule 196 of the Texas Rules of Civil Procedure, these Requests are being served upon Defendants and documents responsive to these Requests are requested to be produced at Cowles & Thompson, PC, 901 Main Street, Suite 3900, Dallas, Texas 75202 before 5:00 p.m. on the expiration of 50 days after service.

<u>Request for Conference</u>: With respect to any objections the Defendants may offer in response hereto, it is requested that Defendants' counsel contact the Plaintiff's counsel in an effort to resolve by agreement any disputes which might exist prior to filing a formal Motion for Protection and requesting intervention of the Court.

## <u>DEFINITIONS</u>

A. As used in these Requests, the words "document" or "documents" are defined to include, but are not limited to, every writing or record of any type that is in your possession, custody, or control. A document is deemed to be within your control if you may obtain possession from any other person or public or private entity having physical possession thereof. "Document" includes, without limitation, those things defined to be documents in rule 192.3, TRCP, correspondence, memoranda, interoffice communications, hand written notes, drafts, studies, publications, invoices, ledgers, journals, books, records, accounts, pamphlets, audio recordings, video recordings, reports, surveys, accident reports, statistical compilations, work

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 18

Exhibit 1 Page 19 of 25

papers, data processing cards, computer tapes or printouts, and/or all copies of each which contain any other writing or recording of any kind which does not appear on the original or on any other copy. To the extent that the information exists within a computer or a computer recorded medium, you are requested to reduce the information to paper.

     B.    As used in these Requests, the term "identify" when used with reference to a document or documents, means to state for each document such information as:

    1)    Its nature, e.g., letter, memorandum, photographs, etc.:

    2)    Its title or designation;

    3)    The date it bears;

    4)    The name, title, business affiliation, business and residence addresses of the person by whom the document was prepared;

    5)    The name, title, business affiliation, business and residence addresses of persons to whom the document was directed;

    6)    The subject matter of the document;

    7)    A precise description of the place where such document is presently kept, including (i) the title or the description of the file in which such document(s) would be found; and (ii) the exact location of such file; and

    8)    The name, title business affiliation and business address of each person who presently has custody of such document or any copy thereof.

     C.    As used in these Requests, the word "person" shall be deemed to mean, in the plural as well as in the singular, any natural person, firm, association, partnership, corporation, or other form of legal entity, as the case may be.

     D.    As used in these Requests, the term "identify" each "person" means to state, for each person such information as:

    1)    His or her name;

    2)    His or her current business affiliation, title and professional designation (e.g., M.D., R.N., L.V.N.);

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 19

Exhibit 1 Page 20 of 25

3)    His or her current business and residence addresses; or if those be unknown, the last known address(es);

4)    The business affiliation, business address, correct title and professional designation of such person with respect to the business, organization or entity with which he or she was associated at the time of the occurrence.

E.    As used in these Requests, the term "Plaintiff" or Plaintiff", means the named Plaintiff or Plaintiff in this case, whether bringing this suit individually or in any representative capacity.

F.    As used in these Requests, the term "Defendants" means the each individual Defendant, and, when the context requires, all of the Defendants.

G.    As used in the Requests, the term "occurrence" is used interchangeably with the term "incident" and means the alleged occurrence or incident made the basis of this suit and all relevant dates alleged, including the alleged causes, however remote, of such occurrence or incident. Taken together, all relevant dates may be referred to as "occasion in question".

## INSTRUCTIONS

H.    Response Date -- The answers and/or objections to these requests must be served upon counsel for Plaintiff within FIFTY (50) days after service on Defendant.

I.    Supplementation -- These requests require supplementation if you obtain further information between the time the answers are served and the time of trial.

J.    Complete Responses -- The responses to these requests should be complete and candid. To the extent any information called for by these requests is unknown to you, so state, and set forth whatever information you have regarding that request. If any estimate can reasonably be made, please set forth your best estimate, clearly designated as such.

K.    Privilege -- To the extent that any request calls for information that you believe to be privileged in any way, you must state that information or material responsive to the request has been withheld, which request or part of a request to which the information or material withheld relates, and the privilege(s) asserted.

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 20

Exhibit 1 Page 21 of 25

L.    Relevant time period – January 1 2018 through present.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1: Any and all photographs related to the incident made the basis of this suit.

RESPONSE:

REQUEST NO. 2: Any and all video tapes related to the incident made the basis of this suit.

RESPONSE:

REQUEST NO. 3: Any and all documents, emails, notes, drawings and sketches related to the incident made the basis of this suit.

RESPONSE:

REQUEST NO. 4: Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse payments made to satisfy any judgment related to the incident made the basis of this suit. This request is made pursuant to rule 192.3(f) of the Texas Rules of Civil Procedure.

RESPONSE:

REQUEST NO. 5: Any reservation of rights letter regarding your insurance coverage for the incident made the basis of this suit.

RESPONSE:

REQUEST NO. 6: Copies of any written statements, transcripts and recordings of oral statements made by any person concerning the subject matter of this lawsuit. This request is made pursuant to rule 194.3(h) of the Texas Rules of Civil Procedure, which provides that "any person may obtain, upon written request, his or her own statement concerning the lawsuit."

RESPONSE:

REQUEST NO. 7: Statements of all persons with knowledge of relevant facts. This request is made pursuant to rule 194.3(h) of the Texas Rules of Civil Procedure, which provides that, "a party may obtain discovery of the statement of any person with knowledge of relevant facts—a 'witness statement'—regardless of when the statement was made."

RESPONSE:

REQUEST NO. 8: A copy of any surveillance movies, video tapes, and photos of Plaintiff.

RESPONSE:

REQUEST NO. 9: All formal and informal reports and documents prepared by or for an officer or employee of any governmental agency which pertain, in any way, to the incident made the basis of this suit.

RESPONSE:

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 21

Exhibit 1 Page 22 of 25

REQUEST NO. 10: All "claim file materials" from you or your insurers, including file notes, reports, communications, photographs, witness statements, recorded statements or recorded statement summaries, written statements, and other materials regarding the generated or received by you or your insurers prior to the date that the Plaintiff' notice of representation letter was received by you or your insurers.

RESPONSE:

REQUEST NO. 11: Copies of all certified public records and/or reports related to the incident made the basis of this suit pursuant to Tex.R.Evid. 803(8) and/or Rule 902(4) and/or Rule 1005.

RESPONSE:

REQUEST NO. 12: Copies of all market reports, commercial publications, or published compilations that you intend to offer into evidence pursuant to Tex.R.Evid. 803(17).

RESPONSE:

REQUEST NO. 13: Copies of relevant portions of all learned treatises that you intend to offer into evidence pursuant to Tex.R.Evid. 803(18).

RESPONSE:

REQUEST NO. 14: Copies of all official publications that you intend to offer into evidence pursuant to Tex.R.Evid. 902(5).

RESPONSE:

REQUEST NO. 15: Copies of all newspapers and periodicals related to the incident made the basis of this suit pursuant to Tex.R.Evid. 902(6).

RESPONSE:

REQUEST NO. 16: Copies of all summaries of evidence related to the incident made the basis of this suit pursuant to Tex.R.Evid. 1006.

RESPONSE:

REQUEST NO. 17: Pursuant to Texas Rule of Evidence 609, copies of any records regarding any conviction of for a felony or crime involving moral turpitude or any other documents regarding any criminal history you may have.

RESPONSE:

REQUEST NO. 18: Copies of all medical records or bills you, your attorneys, or your insurers have regarding any medical treatment received by you as a result of Plaintiff's actions or omissions.

RESPONSE:

REQUEST NO. 19: Copies of all medical records or bills you, your attorneys, or your insurers have regarding any other injury or medical condition Plaintiff may have had before or after the incident made the basis of this suit.

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 22

Exhibit 1 Page 23 of 25

RESPONSE:

REQUEST NO. 20: Copies of any records or documents relating to your employment regarding the allegations made by you or any other Defendant regarding Plaintiff.  .

RESPONSE:

REQUEST NO. 21: Copies of all transcripts of depositions upon written questions taken by you in this case, and any documents obtained via the depositions upon written questions. This request is made pursuant to rule 203.3 of the Texas Rules of Civil Procedure, which provides that, "the party receiving the original deposition transcript or non-stenographic recording must make it available upon reasonable request for inspection and copying by any other party."

RESPONSE:

REQUEST NO. 22: Copies of all documents obtained by you with the use of authorizations signed by Plaintiff. This request is made pursuant to rule 194.2 of the Texas Rules of Civil Procedure, which provides that "all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party" must be produced.

RESPONSE:

REQUEST NO. 23: For any non-testifying, *consulting* expert witness whose mental impressions or opinions have been reviewed by any testifying expert in this cause, please provide copies of all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert, and the consulting expert's current resume and bibliography.

RESPONSE:

REQUEST NO. 24: Any and all settlement agreements with any person or entity related in any way to the incident made the basis of this suit. This request is made pursuant to rule 192.3(g) of the Texas Rules of Civil Procedure.

RESPONSE:

REQUEST NO. 25: Any and all documents identified and/or referenced in your answers to requests in this case.

RESPONSE:

REQUEST NO. 26: Any and all exhibits that you intend to offer at the trial of this case.

RESPONSE:

REQUEST NO. 27: Any and all memos, reports and documents related to the incident and prepared by you prior to anticipation of litigation.

RESPONSE:

REQUEST NO. 28: Any and all non-privileged documents, including but not limited to, policy and procedure manuals, related to any procedures, forms or protocols concerning the allegations you made about Plaintiff to your employer.

PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY – PAGE 23

Exhibit 1 Page 24 of 25

RESPONSE:

REQUEST NO. 29: Any and all non-privileged documents, including but not limited to, photographs, videotapes, models, blowups, data compilations, trial exhibits, documentary evidence, or demonstrative evidence of any type depicting the incident made the basis of this suit.

RESPONSE:

REQUEST NO. 30: Any and all non-privileged documents related to the policies and procedures applicable to your employment or the allegations you made about Plaintiff.

RESPONSE:

REQUEST NO. 31: Any and all non-privileged documents related to actions you took, or directed to be taken, in response to or as a result of any harassment or misconduct by Plaintiff.

RESPONSE:

REQUEST NO. 32: Any and all non-privileged documents related to actions you took, or directed to be taken, to inform your employer about any harassment or misconduct by Plaintiff.

RESPONSE:

REQUEST NO. 33: Any and all reports, memorandums, summaries or statements related to any investigation regarding any harassment or misconduct by Plaintiff.

RESPONSE:

REQUEST NO. 34: Any and all non-privileged documents reflecting communications you have had with any law enforcement authority or government agency regarding Plaintiff's harassment or misconduct.

RESPONSE:

REQUEST NO. 35: Any and all non-privileged documents related to any contention by you that the incident made the basis of this suit was caused in whole or in part by any other party.

RESPONSE:

REQUEST NO. 36: Any and all documents related to your analysis of potential hazards caused by serving customers alcohol to the point of intoxication.

RESPONSE:

REQUEST NO. 37: A copy of the employee handbook in effect during your employment.

RESPONSE: