UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOHN S. MALEK,**

   *Plaintiff*,

v.                                                 Case No.  SA-21-CV-00073-JKP

**UNITED STATES OF AMERICA,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United States' Second Motion to Dismiss and the parties' responsive briefings. *ECF Nos. 23, 25, 27*. The Court requires additional briefing to render its decision. Specifically, pursuant to Federal Rule of Civil Procedure 56(e), the Court **ORDERS** Plaintiff John S. Malek, on or before **September 8, 2022**, to provide the Court with additional briefing on the scope of employment question. The Court further **ORDERS** the United States to respond by **September 22, 2022**.

### BACKGROUND

This case arises from a state court action brought by Malek against three of his former U.S. Air Force colleagues, alleging they defamed him by discussing and reporting workplace sexual harassment allegations against him. Specifically, Malek alleges claims for defamation, defamation per se, negligent misrepresentation, and intentional infliction of emotional distress. The United States certified that the individually-named defendants were acting within the scope of their U.S. Air Force employment when the alleged conduct occurred, substituted itself as

defendant in the case, and removed to federal court. The United States then filed a Motion to Dismiss, arguing Malek has failed to exhaust administrative remedies and, as a result, this Court lacks jurisdiction. Malek responded by arguing that the individually-named defendants were acting outside the scope of their U.S. Air Force employment when the alleged conduct occurred. As a result, according to Malek, the United States is not the proper defendant, and the Court should reinstate the individually-named defendants and remand the case back to state court. Malek, as the party challenging the government's certification, bears the burden of proof, by a preponderance of the evidence. Last year, the Court found that while Malek sufficiently pled his challenge to the government's certification, the record evidence was insufficient to support his allegations. The Court therefore granted Malek an opportunity to conduct limited discovery to support his position.

A year has passed since the Court's order, and the parties have engaged in limited discovery managed by U.S. Magistrate Judge Henry J. Bemporad. The United States now brings its second Motion to Dismiss, arguing Malek cannot meet his burden to show the individually-named defendants acted outside the scope of their employment. In the alternative, the United States argues that most of the allegedly defamatory communications Malek relies on are time-barred by the statute of limitations and offers other reasons why his remaining claims should be dismissed. For his part, Malek suggests more discovery is necessary because the United States failed to cooperate with his discovery requests, then relies on the same evidence he relied on last year to support his position that the United States is not the proper defendant. Before the Court will entertain claim-specific arguments, it must first resolve the question of whether the record shows that the individually-named defendants were acting within the scope of their employment

when the alleged conduct occurred. The Court requires additional briefing to answer that question.

## DISCUSSION

At issue in this case is whether the individually-named defendants were acting within the scope of their U.S. Air Force employment when they allegedly defamed Malek. If their conduct was within the scope of their employment, as the United States argues it was, this case is subject to the Federal Tort Claims Act (FTCA), and the Court lacks jurisdiction. If, as Malek argues, they were acting outside the scope of their employment, the FTCA does not apply, and they could be held personally liable. In their briefs, the parties reassert their positions on the scope of employment question; however, the Court requires additional briefing to make its decision. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . give an opportunity to properly support or address the fact…" Fed. R. Civ. P. 56(e). The Court, therefore, affords the parties the opportunity to provide additional briefing to support their positions, consistent with this order. The Court also provides the standard of review that it will apply in this case, to help guide the parties' briefings.

### I.     Standard of Review

The United States' Motion to Dismiss challenges the Court's jurisdiction because Malek has failed to exhaust administrative remedies. Normally, district courts apply the Federal Rule of Civil Procedure 12(b)(1) standard to assess questions of subject matter jurisdiction. However, in a case such as this one, where the issue of jurisdiction is intertwined with the merits, district courts "deal with the objection as a direct attack on the merits of the plaintiff's case under either

Rule 12(b)(6) or Rule 56." *Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004). Specifically, the Fifth Circuit has held that "in resolving whether a government employee was acting within the scope of [their] employment under the FTCA, . . . a 12(b)(6) or summary judgment standard, should be applied." *Id*. at 150–51. Based on the procedural posture of this case—Malek has been afforded the opportunity to conduct limited discovery on the scope of employment question—the Court will apply the summary judgment standard.

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n.16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n.16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations omitted).

The United States argues Malek cannot meet his evidentiary burden to show the individually-named defendants acted outside the scope of their employment at the time the alleged conduct occurred. To overcome this challenge, Malek must proffer competent evidence showing a genuine dispute exists as to the scope of employment question.

## II.   Scope of Employment

The Westfall Act provides that, upon certification by the United States that a government employee was acting within the scope of their employment at the time of the allegedly tortious act, the United States may remove the action to federal court and substitute itself as the defendant in the suit. 28 U.S.C. § 2679(d)(2). For purposes of removal, the certification conclusively establishes that the employee was acting within the scope of their employment. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 (1995). The Supreme Court has held that "district courts [have] no authority to return cases to state courts on the ground that the [United States'] certification was unwarranted." *Osborn v. Haley*, 549 U.S. 225, 227 (2007). For this reason, the Court cannot grant Malek's request that the case be remanded to state court.

Courts are not precluded, however, from "resubstituting the federal official[s] as defendant for purposes of trial if the court determines, postremoval, that the [United States']

scope-of-employment certification was incorrect." *Id.*; see also *Gutierrez de Martinez*, 515 U.S. at 434–37. In the Fifth Circuit, a plaintiff who challenges the United States' certification has the burden of proving, by a preponderance of the evidence, that the employee's conduct was not within the scope of their employment. *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995); *West v. Rieth*, 705 F. App'x 211, 213 (5th Cir. 2017) (per curiam). Therefore, the Court has authority to reinstate the individually-named defendants if Malek proffers sufficient evidence to show that they acted outside the scope of their employment when they allegedly defamed him.

In reviewing the certification, federal courts must apply the law of the state in which the tortious act occurred. *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir.1995). The alleged conduct in this case occurred in Texas. Under Texas law, an employee's conduct is considered to fall within the scope of their employment if their actions were "(1) within the general authority given [them]; (2) in furtherance of the employer's business; and (3) for the accomplishment of the object for which the employee was employed." *Williams*, 71 F.3d at 506 (citing *Mata v. Andrews Transport, Inc.*, 900 S.W.2d 363, 366 (Tex.App.—Houston [14th Dist.] 1995, no writ)). This test applies to all scope of employment questions, including those involving allegedly defamatory statements. *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 578 (Tex.2002). But when "an employee deviates from the performance of [their] duties for [their] own purposes, the employer is not responsible for what occurs during the deviation." *Id*. at 578. Further, "[t]here is a critical distinction between defaming someone *to* one's employer and defaming someone *for* one's employer." *Id*. at 579 (emphasis added). A plaintiff rebuts the United States' scope of employment certification by alleging "specific facts that, taken as true, would establish that the defendant's actions exceeded the scope of [their] employment." *Bolton v. United States*, 946 F.3d 256, 260 (5th Cir. 2019) (citations omitted). To prevail, the plaintiff must disprove the

scope of employment certification by a preponderance of the evidence. *Rieth*, 705 F. App'x at 213.

In its order of August 27, 2021, the Court concluded that Malek's briefing rebutted the scope of employment certification, but did not disprove it. The Court therefore granted Malek the opportunity to conduct limited discovery to support his case. Now that discovery has concluded, the Court seeks Malek's briefing on the specific question of whether the individually-named defendants acted outside the scope of their employment when the alleged conduct occurred.

## CONCLUSION

Consistent with this order, and pursuant to Federal Rule 56(e), the Court **ORDERS** Malek, on or before **September 8, 2022**, to provide the Court with additional briefing on the scope of employment question. The Court further **ORDERS** the United States to respond by **September 22, 2022**.

It is so ORDERED.
SIGNED this 25th day of August, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE